AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: | |
|---|---|---|
| Name (under which you were convicted):<br>*Micheal toDD wade* | | Docket or Case No.:<br>*28,865* |
| Place of Confinement :<br>*Estelle unit High Security* | Prisoner No.:<br>*313763* | |
| Petitioner (include the name under which you were convicted)<br>*Micheal toDD wade*    v. | Respondent (authorized person having custody of petitioner)<br>*T.D.C.J.*<br>*Bobby Lumpkin* | |
| The Attorney General of the State of: | | |

United States Courts
Southern District of Texas
**FILED**

**PETITION**

**AUG 16 2021**

Nathan Ochsner, Clerk of Court

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

*264 Th Judical District Court*

*Bell County, tx*

(b) Criminal docket or case number (if you know):    *28,865*

2.    (a) Date of the judgment of conviction (if you know):    *1-19-79*

(b) Date of sentencing:    *12-18-80*

3.    Length of sentence:    *☒ Life Sentence*

4.    In this case, were you convicted on more than one count or of more than one crime?    ☐ Yes    ☒ No

5.    Identify all crimes of which you were convicted and sentenced in this case:    *murder*

6.    (a) What was your plea? (Check one)

☒    (1)    Not guilty    ☐    (3)    Nolo contendere (no contest)

☐    (2)    Guilty    ☐    (4)    Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury       ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes       ☒ No

8.   Did you appeal from the judgment of conviction?

☒ Yes       ☐ No

9.   If you did appeal, answer the following:

(a) Name of court: *Court of Appeals Ninth Supreme Judical District*

(b) Docket or case number (if you know): *09-83-085-CR*

(c) Result: *Affirmed*

(d) Date of result (if you know): *5-2-84*

(e) Citation to the case (if you know): *Limuel V. State 568 S.w. 2d 309*

(f) Grounds raised: *#1 trial Court Errored Reversibly in overruling the Defendants motion to Supress The Picture Lineup of Micheal wade #2. The trial Court Errored Reversibly in Allowing Johnny youngs in Court identification of Appelant or Appelants objections*

_____

_____

(g) Did you seek further review by a higher state court?       ☒ Yes       ☐ No

If yes, answer the following:

(1) Name of court: *tx Supreme Court*

(2) Docket or case number (if you know): *?*

(3) Result: *Dismissed*

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _99' or 00'_

(5) Citation to the case (if you know): _?_

(6) Grounds raised: _Same as before_

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

    If yes, answer the following:

    (1) Docket or case number (if you know): _____

    (2) Result: _____

    (3) Date of result (if you know): _____

    (4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: _Court of Criminal Appeals_

    (2) Docket or case number (if you know): _28,865_

    (3) Date of filing (if you know): _10-9-86_

    (4) Nature of the proceeding: _Reformed Sentence_

    (5) Grounds raised: _NO Affirmative Finding of a weapon_

_____

_____

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☒ Yes   ☐ No   _Not Present at Hearing_

    (7) Result: _Charges Affirmative Finding Dropped_

AO 241 (Rev. 09/17)

(8) Date of result (if you know): *10-9-86*

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:

_____

_____

_____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☐ Yes   ☒ No

(2) Second petition:   ☐ Yes   ☒ No

(3) Third petition:   ☐ Yes   ☒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE:   _Judicial Bias_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Paper Dated 10-9-86, it States Defendant Appeared in open Court, And That Said Defendant Said nothing. Defendant was never at The Hearing, was Housed at texas Department of Corrections unit. it Also Said He Had Counsel Present at Hearing, Defendant Has Been Denied any Reply from Court as to Counsels name, And will not Respond at All

(b) If you did not exhaust your state remedies on Ground One, explain why:   Attorney was not at original trial This Happened Later

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(c)　　**Direct Appeal of Ground One:**

　　　(1) If you appealed from the judgment of conviction, did you raise this issue?　　☐ Yes　　☒ No

　　　(2) If you did not raise this issue in your direct appeal, explain why: *it did not Happen till*
*After Appeal, Micheal wade Just Discovered*

_____

(d) **Post-Conviction Proceedings:**

　　　(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

　　　　　☐ Yes　　☒ No

　　　(2) If your answer to Question (d)(1) is "Yes," state:

　　　Type of motion or petition: _____

　　　Name and location of the court where the motion or petition was filed: _____

_____

　　　Docket or case number (if you know): _____

　　　Date of the court's decision: _____

　　　Result (attach a copy of the court's opinion or order, if available): _____

_____

　　　(3) Did you receive a hearing on your motion or petition?　　☐ Yes　　☐ No

　　　(4) Did you appeal from the denial of your motion or petition?　　☐ Yes　　☐ No

　　　(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?　　☐ Yes　　☐ No

　　　(6) If your answer to Question (d)(4) is "Yes," state:

　　　Name and location of the court where the appeal was filed: _____

_____

　　　Docket or case number (if you know): _____

　　　Date of the court's decision: _____

　　　Result (attach a copy of the court's opinion or order, if available): _____

_____

　　　(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: _____

_____

GROUND TWO: _Inneffective Assistance of Counsel_
_5-Counts_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

#1 At Hearing No Argument or objection to inneffective indictment #2. Counsel
Failed to Raise a Defense #3. Counsel never Adequately Advised Defendant
in No Stages of Case #4 Counsels Failure to Challenge The Appropriateness
of Sentence #5. Counsels Failure to Communicate a Favorable Plea Agreement.

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _I did No Action_
_in No Court Process_

_____

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _unKnown_

Name and location of the court where the motion or petition was filed: _?_

_____

Docket or case number (if you know): _?_

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?        ❏ Yes   ❏ No

(4) Did you appeal from the denial of your motion or petition?       ❏ Yes   ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏ Yes   ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :   *Cout Remember All*

_____

_____

_____

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____
_____
_____
_____

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?       ☐  Yes       ☐  No

(2) If you did not raise this issue in your direct appeal, explain why: _____
_____
_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes       ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____
_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____

(3) Did you receive a hearing on your motion or petition?                     ☐  Yes       ☐  No

(4) Did you appeal from the denial of your motion or petition?               ☐  Yes       ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐  Yes       ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____
_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____
_____
_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?       ❏  Yes      ❏  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏  Yes      ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

| | | | |
|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☐ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

           having jurisdiction?    ❏  Yes      ❏   No

           If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

           presenting them: _____

           _____

           _____

           _____

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

           ground or grounds have not been presented, and state your reasons for not presenting them:

           _____

           _____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

      that you challenge in this petition?    ❏   Yes     ❏  No

      If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

      raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

      of any court opinion or order, if available. _____

      _____

      _____

      _____

      _____

      _____

      _____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

      the judgment you are challenging?    ❏   Yes     ❏  No

      If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

      raised. _____

      _____

      _____

      _____

AO 241 (Rev. 09/17)

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____unkNowN_____

(b) At arraignment and plea: _____?_____

(c) At trial: _____?_____

(d) At sentencing: _____?_____

(e) On appeal: _____?_____

(f) In any post-conviction proceeding: _____?_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____?_____

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?     ☐ Yes   ☒ No

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_I AM Filing under Judical Bar which is not Barred by AEOPA_

AO 241 (Rev. 09/17)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *to Have Court Reduce Charge to Manslaughter and Have Penalty Reduced to 20yrs / time Served*

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

## TABLE OF AUTHORITIES

Cases Cited

Hughes V. Ryan  650 F.3d 1301 (9th cir 2011) ... Judicial Bias

Johnson V. Miss 403 U.S. 212 (1971) ... Judicial Bias

Garrett V. State  602 N.E.2d 139 (1992) .... Failure to object

United States V. Broce  488 U.S. 563 (1989 ... Raise A Defense

Florida V. Nixon  543 US 175 (2004) ... Raise A Defense

Roe V. Flores-ortega  528 US 470 (2000) ... Failure to Advise

Yates V. Hulihan 2011 US Dist Lexis 48195 ... Failure to Advise

Evans V. Meyer  742 F.2d 371 (1984) ... Failure to Advise

Lafler V. Cooper  132 SCt 1376 (2012 .... Appropriate
Challenge of Sentence

Williams V. taylor 529 US 362 (2000) ... Challenge of Sentence

Glover V. US  531 US 198  (2001) ... Challenge of Sentence

Missouri V. Frye 132 S.Ct 1399 (2012) .... No Favorable Plea Agreement

Lafler V. Cooper 132 SCt 1376 (2012) .... No Favorable Plea Agreement

## Constitutional Provisions

U.S. Constitution  6th and 14 Ammendments:

U.S. Constitution  5th Ammendment                 :

## Rules

Rule 4. Preliminary Review

Rule 8. Evidentiary Hearing (A)(3)(c)

Rule 1. Scope (1)(2)

NO____28,865____

| | | |
|---|---|---|
| THE STATE OF TEXAS | X | IN THE ____27____ DISTRICT |
| VS | X | COURT OF |
| MICHAEL TODD WADE | X | BELL COUNTY, TEXAS |

REFORMED SENTENCE PER COURT OF CRIMINAL APPEALS

On this the ___9___ day of _____OCTOBER_____, 19_86_ this cause being again called, the State appeared by her District Attorney and the Defendant appeared in open Court in person and with his counsel present for the purpose of having the sentence of law pronounced in accordance with the Judgment herein rendered and entered against him. And thereupon the Defendant was asked by the Court whether he had anything to say why said sentence should not be pronounced against him and he answered nothing in bar thereof. Whereupon the Court proceeded, in the presence of the said Defandant, to pronounce sentence against him as follows:

It is the ORDER of this Court that the Defendant who has been adjudged to be guilty of _____MURDER, AS CHARGED BY INDICTMENT_____ and whose punishment has been assessed at confinement in the Texas Department of Corrections for A TERM OF/ NOT LESS THAN FIVE (5) YEARS NOR MORE THAN LIFE years, be delivered by the Sheriff of Bell County, Texas, to the Department of Corrections of the State of Texas or other persons legally authorized to receive such convicts, and the said Defendant shall be confined in the said Department of Corrections for NOT LESS/ THAN 5 YEARS NOR MORE THAN LIFE years in accordance with the provisions of the law governing the Department of Corrections of said State. It is further ORDER of this Court that the Defendant shall be given _____NO_____ days credit towards the completion of this sentence, which is the time the Defendant served in jail waiting trial in this cause up to and including the day of this sentence. Defendant committed said offense on the __19__ day of _____JANUARY_____, 19_79_.


_____
Presiding Judge

SIGNED AND ENTERED THIS____DAY OF_OCTOBER____,1986.

Relief Requested

For The Foregoing Reasons Stated Above in This Petition, Petitioner Respectfully Requests This Court to Hear His Case in a Jury trial, or for Court to Vacate His Convictions and order a new trial; And/or Any other Just Relief.

Wherefore, Petitioner, Prays That The Court will grant His Petition, And order a new Sentencing Hearing or Newtrial According to The Rules of State, Federal, and U.S. Constitutional laws of The United States of America. I Pray For All other Just, Proper And Appropriate Relief.

Respectfully Submitted This __6__ day of __August__, __2021__

_Michael Todd Wade  313263_
Petitioner Pro Se

Micheal toDO wade  313763
Estelle unit High Security 3Ldg
264 FM. 3478
Huntsville, tx 77320

I, believe I am entitled Relief and I bring This Petition in good Faith.
I Affirm under The Penalties For Perjury That The Foregoing statements are true and Correct to my Knowledge and beliefs.

_Michael Todd Wade  313263_
Petitioner Pro-Se

The above in Claims

Petitioner Micheal wade Has Raised a number of Claims That Have a Significant merit, That entitles Him to Habeas Corpus Relief For Inneffective Assistance of Counsel, under <u>Strickland V. Washington 466 US 699 (1984)</u> And Ammendments of The U.S. Constitutions 5Th, 6Th and 14Th Ammendments

Respectfully Submitted This <u>6</u> day of <u>August</u>, <u>2021</u>

<u>Michael Todd Wade 313763</u>
Petitioner Pro-Se

<u>Micheal toDD wade 313763</u>

<u>Estelle unit HigH Security Bldg</u>

<u>264 F.M. 3478</u>

<u>Huntsville, tx 77320</u>

Micheal toDD wade 313765
Estelle writ H.S. Bldg
264 F.M × 3478
Huntsville, tx 77320

Cl
U.S. D.
P.O. Bo
Houston,

United States Courts
Southern District of Texas
FILED

AUG 16 2021

Nathan Ochsner, Clerk of Court